# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAYRIN ROBINSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:12-CV-032-O-BL |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the court is a petition filed by Dayrin Robinson, an inmate at the Allred Unit of the Texas Department of Criminal Justice. Robinson submitted his claim on a form intended for prisoners who wish to bring a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] Because the merits of the present case have already been adjudicated and the allegations fail to present a cognizable claim for habeas relief, it is recommended Robinson's petition be dismissed.

## Background

Robinson began serving a forty-year sentence for aggravated robbery in 2003. *See Robinson v. Quarterman*, No. 3:07-CV-101-R, 2007 WL 2907870 (N.D. Tex. Oct. 4, 2007). In the instant case, Robinson alleges that on February 13, 2012, an inmate named Justin Hernandez started a fire in his cell by inserting pencil lead strips into an electrical outlet and igniting cotton with the flame. Robinson alleges the fire constituted "terrorism committed agains (sic) my person." (Doc. 3, p. 7). The events surrounding this alleged episode between Hernandez and

---

[1] Robinson also filed a "Petition for Assembly," a handwritten document wherein he claims that because he has filed several state habeas petitions, he "shall be permitted to give bail" for his own release from custody pending the prosecution of said petitions. (Doc. 6, pp. 3–4). Robinson's Petition for Assembly presents no cognizable basis for federal habeas relief. *See* 28 U.S.C. § 2254.

Robinson represent the sole facts in the instant petition. As relief, Robinson seeks to "invoke emergency witness protection," requests that this court find "TDCJ James V. Allred Unit has defaulted protection from invaision (sic)," and requests the Texas Attorney General review and prosecute the case. *Id.*

On February 24, 2012, Robinson filed suit in federal court pursuant to 42 U.S.C. § 1983 regarding the above incident, naming Hernandez and four correctional officers as defendants. *See Robinson v. Hernandez*, No. 7:12-CV-027-O (N.D. Tex. Jan, 31, 2013). Roughly ten days later, Robinson filed the instant case.

In deciding the § 1983 claim, the court determined that nothing indicated Hernandez was acting under color of state law in starting the fire. Further, having giving Robinson the opportunity to develop his claim by way of a questionnaire, the court stated nothing indicated that any of the four guards violated Robinson's constitutional rights. Accordingly, the court dismissed Robinson's claim.

## Discussion

Despite the fact that they were drafted on a habeas corpus form, Robinson's claims sound in § 1983. Robinson does not contest the fact or duration of his confinement; he contests the conditions of his confinement. *See* 28 U.S.C. § 2254; 42 U.S.C. § 1983. In fact, the instant habeas petition is simply a retelling of his § 1983 case, filed merely days later. The court notes that Robinson has a habit of such—repeating allegations in various forums even after final adjudications on the merits. *See, e.g.*, *Quarterman*, 2007 WL 2907870; *Robinson v. Stephens*, No. 3:14-CV-3948-N-BK (N.D. Tex., Dec. 29, 2014) (unpublished).

As a § 1983 case, this claim has been denied, as noted. *See Hernandez*, No. 7:12-CV-027-O. To be certain, when Robinson filed this case, his § 1983 suit was still active. However, despite the disposition of that matter, Robinson makes no claims as to why this court should

disturb the adjudicated case. Accordingly, assuming he seeks consideration under § 1983, Robinson's claim must be dismissed.

As a habeas case, even liberally construed, Robinson fails to present a cognizable basis for habeas relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Another prisoner's alleged tortious acts do not implicate a constitutional liberty interest for Robinson giving rise to habeas relief. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Robinson's ground one for being held in violation of the Constitution reads verbatim: "Dayrin L. Robinson illegally restrained based on deliberate false identification (sic)," and in support he alleges the following "supporting facts": "TDCJ James V. Allred Unit disciplinary office has been notified of my intention to take action by emergency legal process for the *crimes committed against my person based on the actions of TDCJ Offender Hernandez, Justin Bryan* TDCJ # 01621058." (Doc. 3, p. 6) (emphasis added). Robinson's other two grounds contain substantially similar allegations of "crimes," "acts of violence," and "terrorism" committed against his "person and property" by Offender Hernandez.

Robinson simply does not contest the fact or duration of his confinement. *See* 28 U.S.C. § 2254. Accordingly, his habeas petition should be dismissed.

In sum, as a § 1983 case, these facts have been decided on the merits. *Hernandez*, No. 7:12-CV-027-O; *see* 42 U.S.C. § 1983. As a habeas case, Robinson presents no cognizable basis for habeas relief. *See* 28 U.S.C. § 2254; *Preiser*, 411 U.S. 475.

## Conclusion

For the foregoing reasons, it is **RECOMMENDED** that all pending motions in this case be **DENIED** and the petition for writ of habeas corpus be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 14th day of January, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**